**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-08-509 |
| | § | C.A. No. C-10-36 |
| MARTIN ANDRES CUEVAS-RANGEL, | § | |
| | § | |
|    Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

On January 28, 2010, the Clerk's office received a form motion under 28 U.S.C. § 2255 filed by the Defendant Martin Andres Cuevas-Rangel ("Cuevas-Rangel"). (D.E. 76).[1] Having reviewed the motion, the Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

As discussed in more detail herein, the Court DENIES Cuevas-Rangel's motion because it is time-barred. Even if the motion were somehow timely, the motion is subject

---

[1] Docket entry references are to the criminal case.

1

to dismissal because the claims raised therein do not entitle Cuevas-Rangel to relief.[2] Additionally, the Court DENIES Cuevas-Rangel a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Cuevas-Rangel was charged in a three-count superseding indictment with: (1) illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b) (Count 1s); (2) conspiracy to transport illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) (Count 2s); and (3) transporting an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(ii) . (D.E. 20.) He pleaded guilty on September 25, 2008 to Counts 1s and 2s pursuant to a written plea agreement with the United States. (D.E. 46; see also minute entry dated September 25, 2008.)

The Presentence Investigation Report recommended that the base offense level be 18 instead of 12, because it involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. (D.E. 53, Presentence Investigation Report ("PSR") at ¶ 17.) The increase was based on the smuggled alien's testimony that Cuevas-

---

[2] Cuevas-Rangel also pleaded guilty pursuant to a written plea agreement that included a waiver of his right to appeal, except under certain circumstances, and his right to file any post-conviction motions challenging his conviction or sentence. See D.E. 46 at ¶ 7. His appellate waiver allowed an appeal, however, if the Court imposed an upward departure that was not requested by the United States, which occurred in this case. The Court does not determine whether or not that circumstance also allows a challenge to his sentence in a § 2255 motion, because even if his claims were properly before the Court, they do not entitle him to relief, as discussed herein.

Rangel instructed him to jump on a moving train and ride in between train cars that were traveling at approximately fifty to sixty miles per hour. Defense counsel filed written objections to the enhancement, and also argued the point at sentencing. The Court overruled the objection and concluded that the enhancement applied. (See generally Digital Recording of December 4, 2008 Sentencing.) Indeed, when imposing sentence, the Court stated it believed that the particular endangerment involved in the case was "extreme" relative to many other situations where the enhancement was found to be applicable.

At the beginning of the sentencing, the Court notified defense counsel that it was considering an upward departure to 30 months, although the advisory guideline range was 18 to 24 months. After overruling the objection to the reckless endangerment enhancement, the Court stated again that it was considering an upward departure. Consistent with its obligations in the plea agreement, the United States recommended 18 months, and defense counsel also argued for the low end of the guidelines, 18 months.

The Court, however, expressed that it thought a sentence within the advisory guidelines was not appropriate under 18 U.S.C. § 3553(a). The Court expressly noted that it had heard the arguments of defense counsel and that they were "well-stated," but that they did not persuade the Court that the low end of the guideline range would be an appropriate sentence. In particular, the Court expressed concern over the high number of voluntary removals that Cuevas-Rangel had prior to the illegal reentry. Specifically, the PSR reflected nine times in the ten-year period between 1998 and 2008 that Cuevas-Rangel was

3

encountered by U.S. Border Patrol agents and voluntarily returned to Mexico. (PSR at ¶¶ 30-37, 39.)

The Court also expressed concern over the fact that the defendant participated with his co-defendant in a scheme of demanding money from the smuggled alien's wife for his release. Specifically, the facts of the offense reflected that, after Cuevas-Rangel and the smuggled alien got separated after jumping off the train they were riding, the smuggled alien was apprehended by federal agents. Despite this, and despite the fact that Cuevas-Rangel no longer had the smuggled alien with him or in his possession, Cuevas-Rangel and his co-defendant participated in a scheme to obtain additional monies from the smuggled alien's wife, telling her that the money was needed in order to have the smuggled alien released. (PSR at ¶¶ 4-7.)

Although Cuevas-Rangel's counsel raised several arguments against a non-guidelines sentence, the Court found that one was warranted. Accordingly, the Court sentenced Cuevas-Rangel to 24 months in the custody of the Bureau of Prisons, to be followed by a 1-year term of supervised release, as to Count 1s. (D.E. 63, 69.) On Count 2s, however, the Court imposed a 30-month term of custody on Count 2s, to run concurrent to Count 1s, and a 3-year concurrent supervised release term. (D.E. 63, 69.) The Court also imposed a $100 special assessment as to each count. Final judgment was entered on December 11, 2008. (D.E. 69.) Cuevas-Rangel did not appeal and had not filed any other post-conviction motions until the instant motion.

His § 2255 motion was received by the Clerk on January 28, 2010, and indicates that it was signed and given to prison officials for mailing on January 25, 2010. (D.E. 76 at 13.) It is thus deemed filed as of January 25, 2010. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

### III. MOVANT'S ALLEGATIONS

In his motion, Cuevas-Rangel lists two grounds for relief. His first ground is titled as a claim that he received ineffective assistance of counsel because he received too long a sentence for a "first time offender." In support of this claim, Cuevas-Rangel contends that he was a "good father and model citizen" before committing the offense, and that he committed the offense due to economic necessity and to support his two boys. He admits he made a mistake, but asks if possible for the Court to reduce his time. (D.E. 76 at 4.)

His second ground is titled merely as "it's the same." In the supporting facts section, he claims that the Court should have consideration for him. Again, he states that he is a first time offender, and that he didn't "offend this country on purpose" and that he promises never to offend the country again, but that he needs the Court to help him. (D.E. 76 at 6.)

5

## IV. ANALYSIS

### A. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Cuevas-Rangel on December 11, 2008. At the time that Cuevas-Rangel's criminal judgment was entered, a defendant was required to file a notice of appeal from a criminal judgment not later than ten days after entry of judgment, excluding intermediate Saturdays, Sundays and legal holidays. Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26. Thus, Cuevas-Rangel was required to appeal not later than December 26, 2008.

---

[3] The statute provides that the limitations period shall run from the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

In this case, Cuevas-Rangel did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on December 26, 2008. He had one year from that date to file his § 2255 motion. Cuevas-Rangel's § 2255 motion is deemed filed as of January 25, 2010. Thus, his motion was filed approximately one month late and is untimely.

Nowhere in his motion does Cuevas-Rangel seek tolling or offer any explanation as to why his motion is untimely. Additionally, neither his motion nor the record in this case provides any facts that would support the doctrine's application. While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Moreover, ignorance of filing deadlines or the way they are calculated is insufficient to entitle a party to equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-172 (5th Cir. 2000) (collecting authority for the proposition that a pro se petitioner's ignorance of the law or ignorance of AEDPA's filing deadlines does not justify equitable tolling). In short, Cuevas-Rangel's motion does not offer any basis at all for tolling, let alone establish that his is the rare or exceptional case where such equitable tolling is required.

Accordingly, the Court concludes that Cuevas-Rangel's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

### B.     Merits of Cuevas-Rangel's Claims

Even if it were timely, Cuevas-Rangel has not stated any grounds entitling him to relief.  Primarily, he asks for a reduction in his sentence based on a number of factors that do not entitle him to relief.  Indeed, the Court may reduce a defendant's sentence after it has become final only in certain circumstances, none of which has been shown or alleged here. See United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997) (a sentencing court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).)

While Cuevas-Rangel claims that his attorney was ineffective for "giving" him too much time for a first offender, he does not identify any specific failure or omission by counsel, or anything that counsel could have done differently that would have resulted in a lower sentence for him.  Cuevas-Rangel's ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

In stark contrast to the showing required, Cuevas-Rangel's motion contains only a conclusory statement that his counsel was ineffective, with no support to show how his

counsel was deficient or how Cuevas-Rangel was prejudiced by any deficiency. He offers no detail in support of this claim, and no further explanation. In addition to being time-barred, therefore, his claims also fail because they are conclusory. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted). In short, Cuevas-Rangel has wholly failed to state grounds entitling him to relief.

Moreover, the Court has carefully reviewed the Presentence Investigation Report in this case and the recording of the sentencing proceeding. Counsel filed written objections to the PSR, and further argued against enhancements at sentencing and argued against a sentence above the advisory guideline range. The Court was ultimately unconvinced by those arguments, but finds no deficiency on counsel's part, nor prejudice to Cuevas-Rangel. The Court sees nothing that counsel could have done differently that would have resulted in a lesser sentence for Cuevas-Rangel. The increased sentence was due to Cuevas-Rangel's behavior in this crime itself, and his own background. For all of these reasons, even if his motion were timely, his claims would be denied on their merits.

## C.     **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Cuevas-Rangel has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that this Court "must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Cuevas-Rangel is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Cuevas-Rangel is not entitled to a COA. That is, reasonable jurists could not debate the Court's conclusion that his motion is untimely. Moreover, jurists of reason could not debate that his ineffective assistance claim

10

fails due to its conclusory nature, or debate that the issues he raises deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, Cuevas-Rangel's motion pursuant to 28 U.S.C.§ 2255 (D.E. 76) is DENIED. He is also denied a Certificate of Appealability.

It is so ORDERED this 8th day of March, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE